## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| DIANE HOBBS, INVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE HEIRS AND ESTATE OF | § | |
| DAVID J. HOBBS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. V-06-97 |
| | § | |
| v. | § | |
| | § | |
| BAKER HUGHES OILFIELD | § | |
| OPERATIONS, INC., ET AL. | § | |

## ORDER

Pending before the Court are the following motions: Plaintiff's Motion to Extend Joinder and Other Deadlines (Dkt. No. 21); Defendant Seabury & Smith, Inc.'s Motion for Sanctions Pursuant to Rule 11 (Dkt. No. 25); and Plaintiff's Motion for Extension of Time to Respond to Seabury & Smith's Motion for Sanctions (Dkt. No. 29). Having considered the motions, any responses thereto, the applicable law, and the entire record, the Court is of the opinion that Plaintiff's Motion to Extend Joinder and Other Deadlines (Dkt. No. 21) should be denied as moot; Defendant Seabury & Smith, Inc.'s Motion for Sanctions Pursuant to Rule 11 (Dkt. No. 25) should be denied; and Plaintiff's Motion for Extension of Time to Respond to Seabury & Smith's Motion for Sanctions (Dkt. No. 29) should be granted.

**(1) Plaintiff's Motion to Extend Joinder and Other Deadlines**

Plaintiff filed her pending motion (Dkt. No. 21) to extend all deadlines in the scheduling order shortly after her attorney at that time, Sandra L. McKenzie, had filed a motion to withdraw (Dkt. No. 18) due to irreconcilable differences. McKenzie's motion to withdraw was later granted by the Court in an order dated March 2, 2007 (Dkt. 26) and Plaintiff secured new counsel, Blair Brininger, on or about March 21, 2007 (Dkt. No. 28). Plaintiff's motion to extend deadlines, which was signed by McKenzie, asked for ten days after the date on which the Court ruled on her motion to withdraw. Even though the time requested

to be extended has expired, it does not appear to the Court that Plaintiff's new counsel needed the extra time that was requested by Plaintiff's former counsel. Under these circumstances, the Court is of the opinion that Plaintiff's motion to extend (Dkt. No. 21) should be, and hereby is, **DENIED** as moot. The dates set forth in the Court scheduling order (Dkt. No. 11) of December 18, 2006, shall remain operative.

**(2) Defendant Seabury & Smith, Inc.'s Motion for Sanctions Pursuant to Rule 11**

In its motion for sanctions (Dkt. No. 25), Seabury and Smith (S&S) argues that Plaintiff and/or her former counsel, McKenzie, should be sanctioned for asserting claims against S&S that were without evidentiary support in violation of Rule 11(b) of the Federal Rules of Civil Procedure. The Court's review of the pleadings indicates that S&S, or a related entity, is apparently involved with the business of serving as third-party administrator for group insurance policies such as the one that is at the center of this dispute that Plaintiff's deceased husband, David J. Hobbs, allegedly purchased from Baker Hughes prior to his death. It further appears that S&S may have served at some point as the third-party administrator for Baker Hughes. However, S&S has maintained throughout that regardless of whether it had been Baker Hughes' third-party administrator in the past, it had not been involved with the administration of the group insurance policy allegedly purchased by David J. Hobbs. Plaintiff apparently reached the same conclusion, albeit over a year after filing her original state court petition, and S&S was dismissed at Plaintiff's instance by order of this Court dated July 17, 2007 (Dkt. No. 35). S&S argues that sanctions are appropriate because the dismissed claims asserted by Plaintiff against S&S were without evidentiary support at the time they were originally filed. The Court disagrees.

A district court has broad discretion in determining whether a sanction is warranted and what sanction is appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). The test for imposing Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988). Moreover, Rule 11

generally requires an attorney to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violations of these obligations. FED. R. CIV. P. 11(a)–(c). Although the imposition of sanctions is within the district court's province, "any such decision [should be] made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

Here, the evidence submitted by McKenzie indicates that prior to filing Plaintiff's state court petition on May 5, 2006, her legal assistant contacted MetLife Group, Inc., another dismissed defendant, to inquire about David J. Hobbs' insurance policies. According to an e-mail from the legal assistant to McKenzie dated May 2, 2006, MetLife "referred [her] to the third-party administrator for Baker Hughes, Marsh At Work Solutions ...." Dkt. no. 32-2.[1] In other words, it would appear that prior to instituting litigation, McKenzie had a reasonable basis for naming S&S as a defendant in the form of an interview with MetLife. Moreover, on May 5, 2006, the same day as Plaintiff's original state court petition was filed, McKenzie wrote to counsel for S&S requesting reliable proof that S&S had not administered David J. Hobbs' group insurance policy at Baker Hughes. Dkt. No. 32-6. According to McKenzie, S&S issued no response to her request. Dkt. No. 32 at 2 n.2. On December 7, 2006, McKenzie again wrote to counsel for S&S indicating that she would dismiss S&S in exchange for an affidavit or signed admission from S&S confirming that S&S was not liable. Dkt. No. 32-8. Counsel for S&S replied the next day and rejected McKenzie's request in a four-page letter that the Court can only describe as condescending. Dkt. No. 32-9. Finally, on January 30, 2007, citing irreconcilable differences with her client that were apparently related to, inter alia, the issue of whether to dismiss S&S, McKenzie filed a motion to withdraw (Dkt. No. 17) that was granted on March 2, 2007 (Dkt. No. 26).

Under these circumstances, and especially given that S&S was afforded numerous opportunities to

---

[1] Though not entirely clear from the record, it appears that Marsh either is or was an entity or branded service related to S&S that administered group insurance policies.

establish its non-involvement with the insurance policy at issue, the Court finds that sanctions under Rule 11 are not appropriate. Counsel for S&S was correct in his letter to McKenzie of December 8, 2006, that "I am aware of no statutory or case law basis ... which imposes on my client an obligation to provide proof of its lack of liability." Dkt. No. 32-9 at 4. Neither is the Court. However, it would appear at least plausible that S&S might have avoided the ensuing seven months of litigation and fees if it had done so. The motion for sanctions against McKenzie (Dkt. No. 25) is **DENIED**.

Finally, the Court notes that S&S's motion did not specify whether it was seeking sanctions against McKenzie or against Plaintiff, although it is clear from the papers that it was McKenzie's alleged conduct that S&S found objectionable. Accordingly, to the extent that S&S's motion can be also construed as a request for sanctions against Plaintiff, the Court is of the opinion that it should be, and hereby is, **DENIED** on that basis as well.

**(3) Plaintiff's Motion for Extension of Time to Respond to [S&S's] Motion for Sanctions**

Plaintiff's motion for extension (Dkt. No. 29) is hereby retroactively **GRANTED** and Plaintiff's response is deemed timely filed.

It is so **ORDERED**.

Signed this 20th day of July 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE