UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DIANE HOBBS, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE HEIRS AND ESTATE OF | § | |
| DAVID J. HOBBS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. V-06-97 |
| | § | |
| v. | § | |
| | § | |
| BAKER HUGHES OILFIELD | § | |
| OPERATIONS, INC., ET AL., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff's Motion for New Trial and Rehearing (Dkt. No. 50). After considering the motion, the response thereto and the applicable law, the Court is of the opinion the motion should be denied.

**Discussion**

Under Federal Rule of Civil Procedure 59 , Plaintiff moves for a new trial or reconsideration of the Court's Order issued on November 28, 2007 (Dkt. No. 47) granting summary judgment to Defendants. When a litigant seeks reconsideration of an order granting the opposing party's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment, rather than a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a). *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). As such, Plaintiff's motion will be considered a motion to alter or amend the judgment pursuant to Rule 59(e). *Id.*

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a

manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). A Rule 59 motion may not be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A district court has considerable discretion to grant or to deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff raises numerous grounds on which she argues the Court's grant of summary judgment as to her fiduciary duty claim was incorrect. The Court addresses each ground in turn. First, Plaintiff contends the Court erred in granting Defendants' summary judgment because she maintains Baker Hughes' mailing of Mr. Hobbs' conversion notice to the incorrect address constitutes a breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*[1] In support of her argument, Plaintiff exclusively relies on cases analyzing the notice requirements under the Consolidated Omnibus Budget Reconciliation Act

---

[1] As Defendants note, Baker Hughes did not actually mail the conversion notice Plaintiff complains of. Baker Hughes' outsourced Benefits Center operator, Hewitt Associates, and MetLife, mailed all termination-related materials. The only fault attributable to Baker Hughes was the incorrect entry of Mr. Hobbs' address into its data system. As discussed in the Court's Order, the address Baker Hughes entered as Mr. Hobbs' last known residence for the purposes of termination-related documents was the address Mr. Hobbs had previously given Baker Hughes to use as his residence—the address of the Baker Hughes worksite.

of 1985 ("COBRA"), 29 U.S.C. § 1161, *et seq.* Plaintiff, however, cites no authority persuading the Court that cases arising under COBRA should control its analysis of Plaintiff's breach of fiduciary duty claims under ERISA's section 1132(a)(3). Plaintiff's argument thus fails to "clearly establish . . . a manifest error of law" and thus does not compel the Court to reverse its finding Baker Hughes did not breach a fiduciary duty to Mr. Hobbs. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Morever, as noted in the Court's Order, even if Plaintiff were to establish a breach of fiduciary duty, her claim was properly dismissed because she failed to establish a fact issue as to whether Baker Hughes' fiduciary breach caused her any harm. Therefore, the Court finds no reason to alter or amend its previous judgment.

Plaintiff also complains that the Court, in its second footnote, observed that Plaintiff failed to move to remand within the 30 days required by 28 U.S.C. § 1447(c). While Plaintiff is correct that a challenge to the Court's jurisdiction is not limited to the 30 day period following removal, Plaintiff's grievance is of no moment. As explained in the footnote, the Court was merely addressing the lack of clarity as to whether Plaintiff was continuing to assert her state law claims or challenge ERISA's complete preemption doctrine. *See Hobbs v. Baker Hughes Oilfield Operations*, No. V-06-97, 2007 WL 4223666, at *3 n.2 (S.D. Tex. Nov. 28, 2007). It now appears clear Plaintiff does not challenge ERISA's complete preemption. Moreover, Plaintiff concedes the Court's mention of her failure to move to remand has no bearing on the merits of this case. *See* Dkt. No. 50 at p.9. The Court need not address this issue any further.

Third, Plaintiff alleges the Court erred by calling into question the parties' apparent presumption that Baker Hughes' acts and/or omissions gave rise to fiduciary status at all. Plaintiff specifically takes issue with the Court's citing of *Bedall v. State Street and Trust Co.*, 137 F.3d 12

3

(1st Cir. 1998), for the proposition Baker Hughes' "mere exercise of physical control or []  performance of mechanical administrative tasks" might not confer fiduciary status. 137 F.3d at 18. However, as with the Court's footnote regarding Plaintiff's failure to move to remand, the Court did not hinge any portion of its decision on whether Baker Hughes' acts or omissions conferred upon it fiduciary responsibilities. Rather, the Court explained that even assuming Baker Hughes' actions gave rise to some fiduciary status, Plaintiff could not recover because Baker Hughes did not breach a fiduciary duty and Plaintiff failed to present any evidence of causation between the supposed breach and any loss. *See Hobbs*, 2007 WL 4223666 at *5 fn.3, *6-9. Thus, this issue provides no grounds for the Court to alter or amend its prior Order.

Plaintiff claims the Court committed its fourth error because, in line with *Bodine v. Employers Cas. Co.*, 352 F.3d 245 (5th Cir. 2003), Plaintiff plead deceptive trade practices and misrepresentations.[2] Plaintiff's challenge, however, is off the mark. The Court did not raise issue with Plaintiff's pleadings; rather, the Court cited Plaintiff's lack of proffered evidence as the basis for finding no breach had occurred. *See Hobbs*, 2007 WL 4223666 at *7 ("Hobbs, moreover, *fails to offer even a scintilla of evidence* attempting to establish Baker Hughes' intent or bad faith in sending the relevant documents to the Baker Hughes worksite. Plaintiff merely relies on conclusory allegations to establish the supposed breach of Baker Hughes' fiduciary duty.") (emphasis added). The Court thus finds no cause to alter or amend its judgment.

Finally, Plaintiff maintains the Court wrongfully dismissed her claim for lack of causation between Baker Hughes' supposed fiduciary breach and the loss for which Plaintiff seeks to recover.

---

[2] The Court cited *Bodine*, along with several cases from the Seventh Circuit, for the proposition that "breaches of fiduciary duty underlying a section 502(a)(3) claim must be predicated by purposeful misconduct or intentional deception." *See Hobbs*, 2007 WL 4223666 at *7.

Plaintiff argues that because she alleged causation, the Court's ruling should be altered. However, as with Plaintiff's fourth complaint above, the Court did not take issue with Plaintiff's allegations or pleadings; the Court based its reasoning on the lack of evidence Plaintiff provided at summary judgment. The Court explained:

> In its Motion for Summary Judgment, Baker Hughes notes the complete lack of evidence that "had Mr. Hobbs received [the Conversion Notices and Application], he would have . . . converted his Baker Hughes life insurance coverage to individual policies." Reviewing the record, there is a notable absence of any inquiry from the Hobbs as to the status or location of the conversion and application documents. During the nine months following Mr. Hobbs termination, no attempt was made to convert or inquire about converting his company-provided policies. Moreover, on the day of his termination and on the heels of receiving the Baker Hughes Letter informing him of his conversion rights, Mr. Hobbs stated to his wife that "all benefits ended." This lack of evidence together with his statement indicates Mr. Hobbs' lack of intent to convert his policies.
>
> As stated above, a summary judgment movant has the initial burden of demonstrating the absence of a material fact issue. If it satisfies that burden, the non-movant must identify specific evidence in the record demonstrating a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial. Baker Hughes has indicated the absence of a genuine issue of material fact as to whether Mr. Hobbs would have converted his insurance policies to an individual plan if he had received the Conversion Notices and Application. Hobbs has not demonstrated a fact issue concerning this crucial element. The only means by which Hobbs has addressed this issue is by restating the undisputed fact that Baker Hughes failed to send the Conversion Notices and Application to the correct address. *Hobbs has failed to identify any evidence in the record, and the Court can find none, indicating that had Mr. Hobbs received the documents, he would have converted his company-provided coverage to a personal policy.* Thus, Hobbs has failed to raise a triable issue of fact regarding the essential element of causation.

*Hobbs*, 2007 WL 4223666 at *8 (internal citations omitted) (emphasis added).

Therefore, the Court finds no reason to alter or amend its previous Order.

## Conclusion

At each turn, Plaintiff has failed to establish a manifest error of law or fact. She essentially raises the same arguments which were brought before the Court when it issued its November 28,

5

2007 Order (Dkt. No. 47).  For the reasons stated above, the Court does not find any grounds to alter or amend its judgment.  Thus, Plaintiff's Motion for New Trial and Rehearing (Dkt. No. 50) is **DENIED**.

It is so ORDERED.

Signed this 29th day of February, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE