UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DIANE HOBBS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE HEIRS AND ESTATE OF DAVID J. HOBBS, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. V-06-97 |
| v. | § § | |
| BAKER HUGHES OILFIELD OPERATIONS, INC., ET AL., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff's Objection to Defendant's Bill of Costs and the Clerk's Award of Costs (Dkt. No. 53). After considering Plaintiff's objection, the response thereto, the applicable law and the entire record, the Court is of the opinion that the objection should be overruled.

**Background**

This dispute arose out of the denial of David Hobbs' ("Mr. Hobbs") life insurance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* In September 2006, Plaintiff Diane Hobbs ("Hobbs" or "Mrs. Hobbs"), individually and as representative of her late husband and the heirs of his estate, brought suit against Mr. Hobbs' former employer, Baker Hughes Oilfield Operations, Inc.'s ("Baker Hughes"), in an effort to recover the value of life insurance benefits Mrs. Hobbs maintained she would have received under the Baker Hughes Health and Welfare Plan but for a breach of fiduciary duty by Mr. Hobbs' former employer. Hobbs asserted claims pursuant to sections 29 U.S.C. §§ 1132(a)(1)(b), 1132(a)(3) and 1132(c) of ERISA. In an Order dated November 28, 2007 (Dkt. No. 47), the Court granted Baker Hughes' Motion for Summary Judgment (Dkt. No. 37) resulting in the complete dismissal of Mrs.

Hobbs' claims against Baker Hughes. Neither the Court's Summary Judgment Order nor its Final Judgment (Dkt. No. 48) specifically awarded costs to Baker Hughes. Shortly thereafter, on December 10, 2007, Baker Hughes filed a Bill of Costs (Dkt. No. 49) petitioning the District Court Clerk ("Clerk") to tax costs in the amount of $1,351.30 against Hobbs. On December 12, 2007, the Clerk taxed the costs against Hobbs. On December 19, 2007, Hobbs filed her objection to the Clerk's award of costs.

## Discussion

Hobbs contests the Clerk's award of costs on two grounds. Primarily, Hobbs contends that the Court should not have permitted the Clerk to award costs to Baker Hughes without exercising its discretion by analyzing the five factors discussed in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980).[1] Hobbs also maintains that Baker Hughes should not collect costs because it failed to file a motion for costs with the Court and instead merely filed a bill of costs with the Clerk. Because Hobbs brought suit under 29 U.S.C. § 1132, ERISA's fee-shifting provision controls the award of attorney's fees and/or costs. ERISA's fee-shifting provision instructs that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

Hobbs principally argues that the Court improperly allowed the Clerk to tax costs without exercising its discretion by examining the *Bowen* factors. The Fifth Circuit's recent decision in *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533 (5th Cir. 2007), governs the Court's application of the *Bowen* factors to awards of costs pursuant to 29 U.S.C. § 1132(g)(1).

In *Wade*, the Fifth Circuit discussed the divergent treatment it had given the award of attorney's

---

[1] In *Bowen*, the Fifth Circuit set forth the following factors to be considered in ERISA cases: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

fees and the award of costs under ERISA's section 1132(g)(1). *Wade*, 493 F.3d at 542. The *Wade* court observed that early Fifth Circuit ERISA cases dealing with an award of costs employed the "prevailing party test" borrowed from FED. R. CIV. P 54(d)[2] to grant costs to the prevailing party without application of the five *Bowen* factors. *Id.*; *see also Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 611 (5th Cir. 1998). The court continued, recognizing that in *Salley*, the earliest of such cases, the court had applied the *Bowen* factors to the award of attorney's fees, but judged the award of costs merely by applying the prevailing party standard. *Wade*, 493 F.3d at 542; *Salley*, 966 F.2d at 1017.

The court also acknowledged that Fifth Circuit cases subsequent to *Salley* had determined the award of both attorney's fees *and costs* by applying the *Bowen* factors. *Wade*, 493 F.3d at 542; *see also Lain v. UNUM Life Ins. Co. of America*, 279 F.3d 337, 347 (5th Cir. 2002) ("When determining whether to award attorneys' fees *and costs*, the district court should consider the following [*Bowen*] factors . . .") (emphasis added); *Gibbs v. Gibbs*, 210 F.3d 491, 505 (5th Cir. 2000) ("In sum, the first, second, third, and fifth [*Bowen*] factors all counseled in favor of disallowing [Appellant's] request for attorneys' fees *and costs*. . . .") (emphasis added); *Roig v. Ltd. Long Term Disability Program*, 275 F.3d 45, 2001 WL 1267475, at *5 (5th Cir. Oct. 9, 2001) (per curiam) (unpublished) ("When exercising [29 U.S.C. § 1132(g)(1)] discretion, the court should consider the following [*Bowen*] factors"). Noting that when panel decisions are in conflict, the earliest panel decision controls, the *Wade* court proclaimed that while an award of costs under ERISA is not *based in* FED. R. CIV. P. 54(d), the Fifth Circuit "read[s] *Salley*

---

[2] Rule 54(d) states:
  **Costs Other than Attorneys' Fees**. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
FED. R. CIV. P. 54(d)(1).

3

now as establishing for ERISA's fee-shifting provision a 'prevailing party' test, *analogous to* the test under FED. R. CIV. P. 54(d), for the award of costs." *Wade*, 493 F.3d at 543 (emphasis added).

*Wade* thus indicates that courts in the Fifth Circuit should employ a bifurcated approach to awarding attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  To wit, an award of attorney's fees should only be granted in the court's discretion after an analysis of the five *Bowen* factors whereas an award of costs shall be granted to the prevailing party as a matter of course without any discretionary analysis unless the court directs otherwise.  This method follows the *Wade* court's instruction that costs should be awarded by a prevailing party method analogous to FED. R. CIV. P. 54(d).  *Id.*; FED. R. CIV. P. 54(d)(1) ("costs other than attorneys' fees *shall be allowed as of course to the prevailing party unless the court otherwise directs*") (emphasis added).  With this bifurcated approach in mind, the Court concludes that no error was committed by failing to engage in a *Bowen* factor analysis regarding Baker Hughes' bill of costs.

Hobbs also contends that because Baker Hughes filed a bill of costs with the Clerk instead of filing a motion for costs with the Court, it should not be able to collect costs pursuant to 29 U.S.C. § 1132(g)(1).  The Court finds Hobbs' arguments unpersuasive.  Because *Wade* directs courts to award section 1132(g)(1) costs to the prevailing party without discretionary review, a filing of a motion with the Court instead of a bill of costs with the Clerk would seem to be either an excessive or unnecessarily duplicative procedure.  This is so because the Local Rules provide an avenue to recoup such costs without the additional expenses related to the formal filing of a motion.[3]  While a party seeking

---

[3] Local Rule 54.2 provides the following:
   **Bill of Costs**.  The parties must maintain their own records of taxable costs.  The clerk does not record taxable costs.  An application for costs shall be made by filing a bill of costs within 14 days of the entry of final judgment.  When attorney's fees are taxable as costs, an application for them must be made with the application for other costs.  Objections to allowance of the bill, the attorney's fees, or both must be filed within five days of the bill's filing.  Rule 54(d). 28 U.S.C. § 1920.
S.D. TEX. LOCAL RULES 54.2.

attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) would need to file a motion to enable a court to properly analyze the *Bowen* factors, the same party merely seeking to obtain costs need not engage in such a practice.  Therefore, Baker Hughes did not err by filing a bill of costs with the Clerk in lieu of a motion for costs with the Court.

Based on the foregoing, the Clerk's taxation of costs was proper and Hobbs' Objection to Defendants' Bill of Costs and the Clerk's Award of Costs (Dkt. No. 53) is overruled.  Accordingly, Baker Hughes shall recover from Hobbs $1,351.30 for the costs incurred in litigating this dispute.

It is so ORDERED.

Signed this 3rd day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE